[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Shadow Lake, Inc., is the corporate successor to Chempoint Products, Inc. In October of 1995, the plaintiff and defendant agreed to defendant producing two runs of 125,000 each of film pouches containing samples of Citra Solv, a cleaning product distributed by the plaintiff.
To produce said samples, it was necessary to secure five printing plates and the plastic material to be printed upon and ultimately filled with Citra Solv and properly sealed.
The defendant secured the plastic material with the printing thereon at a cost of $12,032.60. In addition, the five printing plates were secured for a total cost of $3,496.01.
The defendant processed and shipped a total of 131,950 packets between February 15 and February 21, 1996.
The sealing on some of the packets of the liquid Citra Solv developed leaks and as a result a credit was issued to the plaintiff on January 17, 1997 for 24,250 pouches together with the lost Citra Solv. The particularity of the credit is such that the court finds that any claim for leaking pouches was satisfied by the credit issued by the defendant.
By the terms of the agreement between the parties, the plaintiff was to prepay for the cost of the printed plastic and an invoice was sent to the plaintiff on February 23, 1996 for said plastic.
The first payment to defendant was made on May 13, 1996 in the sum of $4,224. Subsequent payments were made on June 27, 1996 CT Page 5946 for $4,382.87; August 27, 1996 for $5,000; and January 28, 1997 for $4,915.56. Thus, payment that was to be net thirty days, took eleven months to pay and the first payment not until ninety days after shipment. As a result of this payment record, the defendant declined to perform the balance of the production run of an additional 125,000 pouches.
Because the defendant did not allow the plaintiff to make alternate arrangements for payment such as C.O.D. or advance payment for the product, the remaining plastic and the printing plates were rendered useless. This resulted from a breach of the agreement by the defendant. Since half of the anticipated run was made, the plaintiff lost the value of the remaining one-half of the plastic and one-half of the economic value of the printing plates. Thus, the plaintiff has sustained damages of $7,764.30.
The plaintiff has also alleged a loss of business opportunity but presented no evidence as to the extent of such loss.
The second count of plaintiff's complaint alleges a violation of the Connecticut Unfair Trade Practices Act. The court finds that the actions of the defendant in breaching the subject agreement do not rise to a violation of said act.
Based on the foregoing, judgment may enter in favor of the plaintiff and against the defendant in the sum of $7,764.30 plus costs on the first count of the complaint. Judgment may enter in favor of the defendant on the second count of the complaint.
Stodolink, J.